

hands of the trial court all the relief to which he is properly entitled: back pay, retroactive seniority, and assignment to the desired position. With his presently-appealed claims to tens of millions of dollars in punitive damages against defendants enjoying immunity to such claims, to attorneys' fees when he at all times acted *pro se*, and the like, we stand at the gate of the realms of fantasy. We decline to enter in.

The real controversy has ended, with Mr. Prewitt having prevailed and received appropriate relief. Further frivolous demands of the sort presented here may subject Mr. Prewitt, even as a *pro se* litigant, to sanctions for vexatious multiplication of litigation. See *Lewis v. Brown & Root, Inc.*, 711 F.2d 1287 (5th Cir.1983).

AFFIRMED.

**George Dunbar PREWITT, Jr.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES POSTAL SERVICE**
**Defendant-Appellee.**

**No. 84–4700**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 8, 1985.

George D. Prewitt, Jr., plaintiff-appellant, pro se.

Wyneva Johnson, Eric Scharf, U.S. Postal Service, Washington, D.C., Glen H. Davidson, U.S. Atty., John R. Hailman, Asst. U.S. Atty., Oxford, Miss., for defendant-appellee.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

PER CURIAM:

A careful examination of the briefs and record in this appeal convinces us that the Appellant Prewitt has received at the